**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**VS.** **CRIMINAL ACTION NO: 3:24-CR-108-BJB-3**

**HAITHAM AL-DULAIMI, *et al*** **DEFENDANT**

**HASAN WASAK'S MOTION TO SEVER**
(*Filed Electronically*)

Comes the Defendant, Hasan Wasak , by counsel, and hereby moves this Honorable Court, pursuant to Federal Criminal Rule 14, to sever the trial of Defendant Wasak from all other Defendants.

## FACTS

Paragraph 18 of the indictment alleges Wasak purchased 5 firearms between February and April, 2023.

Paragraph 17 of the Indictment alleges Al-Dulaini paid Wasak to purchase said firearms prior to the purchase of said firearm—which is the definition of a straw purchase--but there is no evidence of that and the discovery provided to Wasak by the U.S. indicates Wasak purchased the said firearms wit his own money selling them later to Al-Dulaini for profits, beginning at a mark up of $500 then $800.

It is alleged that some time later Al-Dulaini secreted some guns—but not guns purchased by Wasak—in a car for shipment to Iraq, and is not alleged the firearms purchased by Wasak were transferred anywhere by Al-Dulaini, let alone secretly in a car bound for Iraq.

It is not alleged Al-Dulainni, at the time Wasak purchased the 5 firearms, was in a class of persons prohibited from purchasing firearms.

There is no evidence Wasak knew what the U.S. claims Al-Dulaini planned or later did.

**LACK OF "CONSPIRACY"**

> Section 371 has two prongs, alike but for a single exception. The first, more frequently prosecuted, requires agreement, overt act, and an underlying federal criminal offense. The elements of the second prong, sometimes styled conspiracy to defraud the United States, do not require an underlying federal criminal offense. The elements of conspiracy to defraud the United States under 18 U.S.C. § 371 are: (1) an agreement of two or more persons; (2) to defraud the United States; and (3) an overt act in furtherance of the conspiracy committed by one of the conspirators. The "fraud covered by the statute reaches any conspiracy for the purpose of impairing, obstructing or defeating the lawful functions of any department of the Government by "deceit, craft or trickery, or at least by means that are dishonest." The plot must be directed against the United States or some federal entity; a scheme to defraud the recipient of federal funds is not sufficient. The scheme may be designed to deprive the United States of money or property, but it need not be so; a plot calculated to frustrate the functions of an entity of the United States will suffice.

Federal Conspiracy Law: A brief Overview, 4-3-20. Congressional Research Service. P.9. Citations omitted.

If Wasak illegally purchased guns in Kentucky, i.e. was a "straw purchaser", that, and that alone, should be the evidence against him; the jury should not hear about what Al-Dubaimi allegedly did with completely unrelated guns, at a significantly late time, which the United States contends was a "significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States." *See* Indictment, paragraph 7. The jury in Wasak's trial should not hear about guns Wasak did not purchased being packed in a car, loaded into a shipping container, in Michigan, bound for Iraq, to contribute to it's military potential. The case against Wasak is relatively small; but the case against Al-Dulaimi has international military implications or implications for the national security of the United States. There is no evidence Wasak knew the guns he allegedly purchased would be shipped internationally, and in fact no evidence that they were! There is no evidence

Al-Dulaimi, if ever he received the guns from Wasak, transferred them to any third party, let alone shipped them out of the country. Introducing the evidence against Al-Dulaimi is unfair and prejudicial to Wasak in his trial.

Federal Rule of Criminal Procedure states:

> Rule 14. Relief from Prejudicial Joinder (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

The list of guns allegedly purchased by Wasak is found at page 15 of the indictment. The list of guns alleged to have been exported on a boat to Iraq by Al-Dulaini is found at page 11-12 of the indictment. If the Court reviews the serial numbers on the Wasak purchase list with guns in the Al-Dulaimi shipment list, it will see that no gun purchased by Wasak was shipped by Al-Dulaini. Wasak asks rhetorically; why should Al-Dulaini's alleged attempt to export guns to Iraq in come into Wasak's trial on the issue of whether he was a straw purchaser? Further, the indictment does not allege any cooperative actions between Wasak and the other two Defendants.

For the foregoing reasons, Wasak prays the order severing be entered.

Respectfully submitted,

*Gregory Ward Butrum*
Gregory Ward Butrum,_Attorney
101 N, 7th St.
Louisville, KY 40202,

CERTIFICATE OF SERVICE

I certify that a copy of this motion was served upon counsel of record electronically

Via PACER/ECF.

*Gregory Ward Butrum*
Gregory Ward Butrum, Attorney