UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 3:24-CR-108-BJB

HASAN WASAK DEFENDANT

**UNITED STATES' RESPONSE TO DEFENDANT HASAN WASAK'S MOTION TO SEVER**

*– Filed Electronically –*

Hasan Wasak's case should not be severed from the case against his three co-defendants Haider Lazem, Abdullah Alsajee, and Haitham Al-Dulaimi. Like Mr. Lazem, who filed a similar motion on May 27, 2025 (*see* DN48), Mr. Wasak has not satisfied the heavy burden to establish that a joint trial would entail unfair prejudice. All Counts against Mr. Wasak are based on the same acts or transactions for which his co-defendants are also charged, and the conduct underlying the Counts is intertwined and will require presentation of significantly overlapping evidence against Mr. Wasak and his co-defendants. Judicial economy and the interests of the public weigh against severance. Mr. Wasak's motion to sever (DN52) should be denied.

## LEGAL BACKGROUND

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In turn, Rule 14(a) permits a district court to grant severance if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). In general, "there is a preference in the federal system for joint trials of defendants who are indicted together." *Phillips v. Million*, 374

F.3d 395, 398 (6th Cir. 2004) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). That is because joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). In the Sixth Circuit as well, "severance is not the norm." *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020); *see United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) ("Joint trials are favored[.]"). Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]" *Zafiro*, 506 U.S. at 539. In other words, a defendant must establish "substantial prejudice" in a motion to sever. *Id*. at 540 (quoting *United States v. Bruton*, 391 U.S. 123, 131 n.6 (1968) (internal quotations and citation omitted)).

The burden to show prejudice is "heavy" and "extremely difficult." *United States v. Gallo*, 763 F.2d 1504, 1527 (6th Cir. 1985) (internal quotations and citation omitted). A defendant must show "substantial, undue, or compelling prejudice." *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (internal quotations and citation omitted). The general rule that parties jointly indicted should be tried together is "especially" true "in conspiracy cases." *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984); *see United States v. Reyes*, Crim. No. 3:22-CR-79-CRS, 2025 WL 926332, at *1 (W.D.K.Y. Mar. 26, 2025) ("[T]he presumption against severance is particularly strong in conspiracy cases."). Severance should not be granted "[w]here the same evidence is admissible against all defendants," nor need it be granted where "evidence is admissible against some defendants and not others." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

## FACTUAL BACKGROUND

On October 2, 2024, the Government filed a 29-count indictment (the "Indictment") against Mr. Wasak and three co-defendants, Haitham Al-Dulaimi, Abdullah Alsajee, and Haider Lazem.

(*See generally* DN1). Mr. Wasak was charged in Counts 1, 2, and 6-8. Counts 1 and 2 allege that Mr. Wasak and all three of his co-defendants conspired to violate certain laws, including Title 18, United States Code, Sections 554(a) (Smuggling); 922(a)(1)(A) (Dealing in firearms without a license); 922(a)(6) (False statements to firearms dealers); 932(b)(2) (Purchase of firearm in furtherance of a felony); 371 (Conspiracy to obstruct a lawful government function); and Title 50, United States Code, Section 4819 (the Export Control Reform Act) (Count 2). (*See id.* PageID #4-11). Counts 6 through 8 allege that Mr. Wasak made false statements during the purchase of firearms on three occasions during the time period of the alleged conspiracies (February through April 2023) by misrepresenting the actual purchaser of the firearms, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2). (*See id.* PageID #14-15).

**ARGUMENT**

Mr. Wasak is properly joined with his co-defendants. Counts 1 and 2 allege "the same act or transaction" constituting the charged offense conduct against all four defendants. Fed. R. Crim. P. 8(b). As alleged in Count 1, from at least February 2023 through September 2024, Mr. Wasak, together with co-defendants Alsajee, Lazem, and Al-Dulaimi, conspired to purchase firearms which were then transferred to Al-Dulaimi for shipment to Iraq, in violation of Title 18, United States Code, Sections 554(a); 922(a)(1)(A); 922(a)(6); and 932(b)(2). (DN 1, PageID #4-5). The Indictment also alleges that defendants conspired to defraud the United States by obstructing the lawful governmental function of enforcing U.S. export control laws regulated by the Department of Commerce. (*Id.* PageID #5-6). In furtherance of the conspiracy and as alleged in the Indictment, Mr. Wasak purchased seven firearms between February 12, 2023, and April 3, 2023, on at least three occasions for which he falsely represented himself to federal firearms dealers as the actual purchaser. In reality and as alleged in the Indictment, Mr. Wasak purchased the firearms

on behalf of Al-Dulaimi. (*Id.* PageID #14-15).

As alleged in Count 2, from at least February 2023 through September 2024, Mr. Wasak, together with co-defendants Alsajee, Lazem, and Al-Dulaimi, conspired to export firearms from the United States to Iraq without a required license from the Department of Commerce, in violation of the Export Control Reform Act, Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730-774. (*Id.* PageID #11). As with the conspiracy alleged in Count 1, Count 2 alleges that all four co-defendants participated in the "same series of acts or transactions" that constitute the offense conduct of conspiracy. Fed. R. Crim. P. 8(b).

In addition, Mr. Wasak is charged in Counts 6-8 with violations of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), for falsely attesting on three occasions that he purchased firearms for himself in written statements to federal firearms dealers with the intent to deceive. (DN 1, PageID #14-15). Those actions constituted overt acts in furtherance of the charged conspiracies in Counts 1 and 2; they also constitute part of the "same act or transaction" charged against co-defendants pursuant to Rule 8(b). Further pursuant to Rule 8(b), "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Courts regularly uphold joinder under Rule 8(b) for defendants charged with conspiracy and substantive counts arising out of the conspiracy. *See, e.g.*, *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (affirming joinder of defendant charged with Hobbs Act conspiracy and related substantive count); *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (affirming joinder of defendants charged with drug conspiracy and related substantive counts).

Mr. Wasak claims in support of his motion to sever that there is no evidence that Mr. Wasak participated in the alleged conspiracies because the guns that he purchased were not found in the shipping container searched by law enforcement in February 2024 (*See* DN 52, PageID# 276). As

stated in response to Mr. Lazem's motion to sever, conspiracy does not require each defendant to perform each overt act; it requires only that "two or more persons conspired, or agreed, to commit" a crime, and that "a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy." Pattern Crim. Jury Instr. 6th Cir. 3.01(A) (2025). Conspiracy "does not require that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning." Pattern Crim. Jury Instr. 6th Cir. 3.03 (2025); *see Kelley*, 461 F.3d at 830 ("Although both defendants did not participate in all acts details in the indictment, it is sufficient that they both participated in at least one act in the series of acts that constituted the offense.").[1] The Indictment alleges that Mr. Wasak conspired with co-defendants to participate in multiple conspiracies and took certain actions, like purchasing guns, in furtherance of those conspiracies. (DN1, PageID #4-11). It further alleges that Mr. Wasak committed additional crimes (that is, Counts 6-8) that are facially related to the acts described in the conspiracy. That is sufficient to join Mr. Wasak in a trial with his co-conspirators.

Mr. Wasak's claims based on the sufficiency of the evidence cannot and should not be raised through a motion to sever. (*See, e.g.*, DN52, PageID #274 (arguing there is no evidence that Mr. Al-Dulaimi paid Mr. Wasak prior to purchase of firearms); PageID #275 (arguing there is no evidence of Mr. Wasak's knowledge of the scheme); PageID #276 (arguing there is no

[1] Moreover, where, as here, defendant is charged in a multi-count conspiracy like the conspiracy alleged in Count 1, the Government need only prove that defendant conspired with others "to commit at least one" of the charged offenses. Pattern Crim. Jury Instr. 6th Cir. 3.02 (2023); *see United States v. Tragas*, 727 F.3d 610, 616 (6th Cir. 2013) ("[W]here a defendant is charged in a single count with a conspiracy to commit multiple crimes, the jury must unanimously decide which crime the defendant conspired to commit."). Count 1 alleges, *inter alia*, conspiracy to make fictitious statements to firearms dealers intended to deceive, in violation of Title 18, United States Code, Section 922(a)(6) – a conspiracy that does not hinge on transporting any of the weapons in shipping containers full stop.

evidence of cooperation between Mr. Wasak, Mr. Lazem, or Mr. Alsajee). "It is not appropriate to question the sufficiency of an indictment by way of a brief in support of… [a] motion for severance." *United States v. Khalil*, No. 22-CR-20200, 2024 WL 3236808, at *3 n.3 (E.D. Mich. June 28, 2024). Even considering defendant's statements, he is incorrect. The government has documentary and testimonial evidence, including from defendant himself, that it will use to prove the allegations in the Indictment. Indeed, in his motion, Mr. Wasak acknowledges that he has received evidence in discovery that "indicates Wasak purchased the said firearms wit his own money selling them later to Al-Dulaini for profits, beginning at a mark up of $500 then $800." (DN52 at 1).

Most importantly, Mr. Wasak has not made a compelling, particularized argument that joinder would prejudice him. At most, Mr. Wasak argues that he will be prejudiced because "[t]he case against Wasak is relatively small; but the case against Al-Dulaimi has international military implications for the national security of the United States." (DN 52, PageID #275). Again, however, Mr. Wasak is alleged to have been part of a criminal conspiracy with Mr. Al-Dulaimi. Mr. Wasak will not be prejudiced by a jury hearing evidence that goes to a crime he is alleged to have committed. His "conclusory statement" of prejudice "does not suffice to show substantial prejudice" necessary to warrant severance. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006); *see Reyes*, 2025 WL 926332, at *1 (rejecting "conclusory assertion" of prejudice in motion for severance); *see also United States v. Hereford*, 162 F. App'x 439, 444 (6th Cir. 2006) (on a motion to sever conspiracy, a defendant "must carry the heavy burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only be separate trials" (internal quotations omitted)). Mr. Wasak has failed to make a showing of specific and compelling prejudice.

Severing Mr. Wasak's case also would not "serve the interests of justice." *Zafiro*, 506 U.S. at 537 (internal quotations and citation omitted). Having two trials would require the Government to call multiple witnesses, including law enforcement agents, federal firearms dealers, and a freight forwarder, at both trials to give similar if not the same testimony about the same offense conduct. Such duplicity is not consistent with the interests of justice in the absence of substantial prejudice. *See Tisdale*, 980 F.3d at 1094 (rejecting severance where three defendants "were charged in the same conspiracy" and "most of the evidence was admissible against each of them"); *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) ("Joinder is proper when the evidence of the counts is intertwined."). Moreover, were there to be any prejudice as to Mr. Wasak (though he has articulated none), "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019) (upholding use of limiting instruction to cure any potential prejudice from joinder of defendants).

## CONCLUSION

For the foregoing reasons, the government respectfully submits that the Court should deny Defendant Wasak's Motion (DN 52).

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney
Western District of Kentucky

s/*Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY 40202
(502) 582-6326
alicia.gomez@usdoj.gov

JENNIFER KENNEDY GELLIE
Chief
Counterintelligence and Export Control Section
National Security Division

s/ *Leslie C. Esbrook*
Leslie C. Esbrook
Trial Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-3321
leslie.esbrook@usdoj.gov

**CERTIFICATE OF SERVICE**

On July 18, 2025, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel for the Defendants.

s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant United States Attorney