**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **CASE NO. 3:24-CR-00108-BJB-CHL**

**HAIDER LAZEM** **DEFENDANT**

**PRETRIAL MEMORANDUM**

*** *** *** *** *** *** ***

Comes the Defendant, **HAIDER LAZEM** (hereinafter "Lazem")**,** by counsel, pursuant to the Court's scheduling order entered on December 5, 2025, [DN 74] and respectfully submits the following pretrial memorandum:

**I. Statutes Involved And Elements Of The Offenses**

Lazem is charged with his co-defendants, namely, Haitham Al-Dulaimi, Abdullah Alsajee, and Hassan Wasak with:

Count One:

a. Conspiracy to "fraudulently export and send firearms contrary to U.S. law, in violation of Title 18, United States Code, Section 554(a);

b. Dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A);

c. Making material false and fictitious statements to firearms dealers intended to deceive the dealer, in violation of Title 18, United States Code, Section 922(a)(6);

d. Purchasing firearms on behalf of another person knowing or having reasonable cause

to believe the other person intended to possess or dispose of the firearm in furtherance of a felony, in violation Title 18, United States Code, Section 932(b)(2); and

e. Defrauding the United States by interfering and obstructing the United States Department of Commerce in enforcement of laws and regulations to prohibit the export of goods, including firearms; in violation of Title 18, United States Code, Section 371;

All in violation of Title 18, United States Code, Section 371

Count Two:

Lazem is charged with conspiracy to violate the Export Control Reform Act by conspiring with his co-defendants, namely, Haitham Al-Dulaimi, Abdullah Alsajee, and Hassan Wasak to export firearms without a license or authorization from the United States Department of Commerce, all in violation of Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, parts 730-774;

Counts Nine - Eighteen:

Lazem is charged with knowingly making a material false written statement to a licensed dealer of firearms which was intended to deceive the dealer of firearms as to the lawfulness of the sale of the firearm by representing Lazem as the actual purchaser of the firearm, all in violation of Title 18, United States Code, Sections 922(a)(6) and 924(c)(2);

## II. Statement of the Facts

Lazem has entered a plea of not guilty to each of the allegations against him, and denies the material facts in support of the allegations.

## III. Statement of Disputed Substantive Issues of Law

Lazem is unaware of any disputed substantive issues of law at this time, but reserves the right

to supplement his pretrial memorandum if such issues are discovered prior to trial.

**IV. Statement of Evidentiary Issues the Party Reasonably Believes will be Raised**

The Government has provided notice of its intent to introduce possible expert testimony of Steven Schrader. Schrader is identified as a Supervisory Export Policy Analyst and Licensing Officer for the Foreign Policy Division of the Office of Nonproliferation and Foreign Policy Controls in the U.S. Department of Commerce's Bureau of Industry and Security. The Government's notice includes numerous matters Schrader "will testify" as an expert, as well as a fact witness. Lazem believes aspects of Schrader's "expert" testimony may be precluded as consisting of legal conclusions in violation of established Sixth Circuit law. See United States v. Taylor, 643 F. Supp. 3d 731, 739 (E.D. Ky. 2022) (citing Torres v. Cty. of Oakland, 758 F.2d 147, 150 (6th Cir. 1985)). Testimony constitutes a "legal conclusion" when it does little more than tell the jury what result to reach. See: Iannone v. Auto Zone, Inc., 344 F.R.D. 319, 330 (W.D. Tenn. 2023) (citations omitted). Further, courts may no longer defer to an agency's interpretation of its own statutes and regulations. See: Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). Rather, courts are required to exercise their own independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency's interpretation of the law simply because a statute is ambiguous. Id.

**V. Statement of any Known Reasonably Anticipated Trial Problems**

None known at this time.

**VI. Proposed Substantive and Special Jury Instructions**

None known at this time.

**VII. Reasonable Number of Proposed Voir Dire Questions**

1. What special training or skills do you have?

2. Do you have any legal training or have you taken any law course?

3. Have you ever served in the military? If so, please state the branch of service, the rank you held, and the dates of service.

4. Were you ever involved in any way with military law enforcement, court martial or investigations? If so please explain.

5. Have you, or any member of your family, or any close friend ever been arrested? If so, (a) who; (b) how many times, ( c) was there a jury trial; and (d) what was the outcome?

6. Other than as a potential juror or for a case which you had been arrested, have you ever been in a courtroom for any other reason? If so please explain.

7. Have you ever served on a jury before? If so, please indicate the type of case, when you served, whether a verdict was reached, and, if no verdict was reached, the reason.

8. Have you ever served on a grand jury? If so, was it state or federal and when was it?

9. Have you ever been the foreperson of a jury? If so, what type of case was it and when was it, and was a verdict reached in the case(s)?

10. How do you feel about any prior jury service?

11. Please state your personal belief regarding the following statement: "A defendant is innocent until proven guilty beyond a reasonable doubt."

12. Please state your personal belief regarding the following statement: "If the prosecution goes to the trouble of bringing someone to trial, the person is probably guilty."

13. Please state your personal belief regarding the following statement: "The testimony of law enforcement officers or agents is not entitled to any greater or lesser weight merely because

they are law enforcement officers or agents."

14. Please state your personal belief regarding the following statement: "Regardless of what the law says, a defendant in a criminal trial should be required to prove his or her innocence."

15. Please state your personal belief regarding the following statement: "People who make a lot of money are treated better by our court system than other people."

16. Do you believe that a defendant in a criminal case should testify or produce some evidence to prove that he or she is not guilty? Please explain.

17. Why do you feel you would be a good juror for this case?

18. Do you know any judges, lawyers, court clerks, court reporters, or bailiffs? If yes, what are their names and please describe how you know them.

19. Do you know any lawyers who practice criminal law, whether as defense attorneys or prosecutors? If so, please indicate whom you know and the nature of your contact with them.

20. What are your opinions, if any, about criminal defense attorneys in general?

21. What is your opinion, if any, about prosecuting attorneys in general?

22. Do you know any lawyers who do not practice criminal law? If so, please indicate whom you know and the nature of your contact with them.

23. Do you personally know anyone who works for the United States Attorney's Office?

24. Do you personally know anyone who works for the United States District Court?

25. Would anything about your religious beliefs make it difficult for you to sit in judgment of another person?

26. Have you ever consulted with an expert other than a medical doctor? If so, please specify the type of expert and the purpose for which s/he was consulted.

27. How did you go about selecting the expert you contacted?

28. What factors would you use to determine whether an expert was qualified or not?

29. Did you take science or math courses in college? If so, please list them.

30. Are you or have you ever been a member of a Neighborhood Watch?

31. Do you have security bars on your residence?

32. Do you have alarm(s) on your residence?

33. Do you have guard dog(s) at your residence?

34. Do you have weapons for self-protection?

35. Do you belong to any group or organization which is active in political matters or concerned with crime prevention or victims' rights?

36. Have you ever been a victim of a crime? If so, did you or anyone else report it to the police? Was a suspect caught? Do you feel the job the police did on it was satisfactory? Please explain.

37. Have you had a good or positive experience with any law enforcement agency?

38. Has any member of your family or any acquaintance had a good or positive experience with a law enforcement agency?

39. Have you had a bad or negative experience with any law enforcement agency?

40. Do you think you might have difficulty judging someone who is charged with a crime?

41. Do you own any guns? How about your family or close friend - - do they own any guns? Do you believe people should be able to carry guns in their vehicles? On their person? All types of guns? How many guns should a person be able to own?

42. Do you think crime is a serious problem in your area?

43. Would you like to be a juror in this case? Please explain.

44. Is there any matter I have not covered that you think the attorneys or Court might want to know about you when considering you as a juror in this case?

45. Do you think the testimony of an "expert" witness should be treated any differently than other witnesses?

46. Do you agree that an "expert" can have bias or motive just like any other witness?

47. Do you think "expert" witnesses are always right?

48. Do you have any strong feelings about immigration enforcement in the United States?

49. Did you or any family or friends, serve in the United States' war with Iraq?

50. What have you heard about citizens of Iraq?

51. Do you have any family or friends involved in the current United States war with Iran?

52. What are your feelings about the United States war with Iran?

**VII. <u>Exhibit List</u>**

No exhibits at this time.

**VIII. <u>Proposed Witness List</u>**

Lazem declines to submit a witness list.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com