**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:24-CR-108-BJB**

**UNITED STATES OF AMERICA, PLAINTIFF,**

**vs.**

**ABDULLAH ALSAJEE, DEFENDANT.**

# DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Abdullah Alsajee ("Defendant" or, in the alternative, "Mr. Alsajee"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Alsajee to a five year term of probation. In support, the Defendant states as follows:

## I. INTRODUCTION

Mr. Alsajee entered a"B" plea to counts one (Conspiracy); two (Conspiracy to Violate the Export Control Reform Act); and nineteen through twenty nine (False Statement during purchase of a Firearm) of the indictment. Mr. Alsajee is scheduled to be sentenced on September 8, 2026.

## II. PRE-SENTENCE REPORT

### Objections

There are no unresolved objections to the Final Pre-Sentencing Report (PSR). DN 99.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## III. ADVISORY GUIDELINE RANGE

The Pre-Sentence Report provides a Total Offense Level of 21. DN 99*,* at ¶¶36 and 71. Mr. Alsajee's criminal history falls within Criminal History Category I. *Id.* at ¶¶43 and 71. A Final Offense Level 21 and Criminal History Category I results in an advisory Guideline range of 37-46 months. *Id*. at ¶71.

## IV. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed–
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;

OFFICE OF THE
FEDERAL DEFENDER
200 THEATRE BUILDING
629 FOURTH AVENUE
LOUISVILLE, KY 40202

TEL (502) 584-0525
FAX (502) 584-2808

**(4)** the kinds of sentence and the sentencing range established for–

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

**(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

**V. DISCUSSION**

Between August 19, 2023 and November 15, 2023, Mr. Alsajee purchased 27 firearms for his cousin, an unindicted co-conspirator. Mr. Alsajee was often accompanied to the gun store with his cousin, who would identify which weapons to purchase and provide Mr. Alsajee the money to purchase the selected firearms. Mr. Alsajee would immediately give the firearms to his cousin after they were purchased. Mr. Alsajee received no payment for his role in this process. He was under the impression that his cousin could not purchase firearms due to a marijuana conviction.

After this process had occurred on several occasions, Mr. Alsajee became aware that his cousin was providing the firearms to a co-defendant and that the firearms were being sent to Iraq. Mr. Alsajee did not know this information for the vast majority of the time he was making firearm purchases.

That is the extent of Mr. Alsajee's involvement in the trafficking of firearms to Iraq. He acknowledges that in hindsight he should have asked more questions about the firearm purchases. Mr. Alsajee was extremely naive about the lawlessness that he was participating in. This is

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

confirmed by the statement he provided law enforcement at the time of his arrest, where he admitted to the main facts of this case, while at the same time not understanding why he was being charged with a crime. With the benefit of time, Mr. Alsajee has realized that not only were his actions naive, they were actually illegal, which is why he has pleaded guilty and accepted responsibility for his role in this conspiracy.

Prior to his arrest in this case, Mr. Alsajee's criminal record consisted of one prior conviction for driving without insurance. His family immigrated from Iraq in 2014 and Mr. Alsajee became a naturalized citizen in 2019. He has worked primarily in warehouses from 2015-2022. He is able bodied and capable of working full time. Family members have reported that starting around 2022, Mr. Alsajee began to socialize with his friends and family less often and he himself described to the PSR author beginning to suffer from depression around that same period of time.

The PSR states that between 2021-2025 there were 99 other defendants who were similarly situated to Mr. Alsajee, those who were sentenced under the same primary guideline, with the same final offense level and same criminal history category as Mr. Alsajee. Of those 99 defendants, 10 received a non-custodial sentence, and of the 89 who received a sentence of imprisonment the average sentence was 23 months and the median sentence was 24 months. Custodial sentences, on average were 13-14 months lower than the low-end of the guideline range. If the Court were to impose a custodial sentence, the maximum term of supervise release that could be ordered to follow is a period of three years. However, if the Court were to sentence Mr. Alsajee to a probated sentence, the maximum term of probation is five years, allowing Mr. Alsajee to be supervised for two more years than if he were placed on supervised release. If probated, Mr. Alsajee could receive the guidance and supervision provided by a probation officer, while at the same time knowing that if he were to violate his probation he could be subject to a guideline sentence in the future.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Mr. Alsajee is a first time offender, who had minimal knowledge about the actions of others involved in this conspiracy (as evidenced by him receiving a two-level role reduction). He has been on pre-trial supervision since October 2024 (nearly two full years), without any issues whatsoever. Sentencing Mr. Alsajee to a period of incarceration is more than what is necessary to satisfy the 18 § U.S.C. 3553(a) factors. A probated sentence for a period of five years is sufficient, but not greater than necessary for the facts and circumstances of this particular case. Mr. Alsajee's conduct while on release demonstrates the type of conduce the Court could anticipate if he were to receive a probated sentence.

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant

**CERTIFICATE**

This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Ms. Alicia Gomez and Ms. Leslie Esbrook, Assistant United States Attorneys, this 3rd day of September, 2026.

s/ Aaron M. Dyke

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808