UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 3:24-CR-108-BJB

ABDULLAH ALSAJEE DEFENDANT

**UNITED STATES' SENTENCING MEMORANDUM**

*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for September 8, 2026.

Statutory Sentencing Provisions

Abdullah Alsajee stands convicted of possession of conspiracy, in violation of Title 18, United States Code, Section 371. (Count 1 of the Indictment). A conviction under this statute carries a maximum term of imprisonment of 5 years, a potential maximum fine of $250,000, and a term of supervised release of not more than 3 years. The defendant also stands convicted of conspiracy to violate the Export Control Reform Act (ECRA), in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730-774. (Count 2 of the Indictment). A conviction under these statutes carries a maximum term of imprisonment of 20 years, a potential maximum fine of $1,000,000, and a term of supervised release of not more than 3 years. Lastly, the defendant stands convicted of 11 counts of false statement during purchase of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2). (Counts 19-29 of the Indictment).

## Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offenses should be 21. (DN 99, PSR at ¶ 36). The PSR also concludes that Mr. Alsajee's criminal history places him in Criminal History Category I. (*Id*. at ¶ 43). Based upon a total offense level of 21 and a criminal history category of I, the guideline imprisonment range is 37 to 46 months. (*Id*. at ¶ 85).

## Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
> >
> > . . .
>
> (5) any pertinent policy statement--
>
> > . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Alsajee stands convicted of conspiracy, conspiracy to violate the Export Control Reform Act (ECRA), and 11 counts of false statement during purchase of a firearm. At sentencing, the United States will recommend a sentence at the low end of the Guidelines in conformance with the parties' plea agreement. A sentence at the low end of the Guidelines will promote respect for the law, provide just punishment for the offenses, protect the public, and deter further criminal conduct. The proposed guideline sentence meets these factors.

## Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence at the low end of the guideline range, which is sufficient, but not greater than necessary to satisfy the § 3553(a) factors.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 582-5911
alicia.gomez@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney