FILED
JAMES J. VILT, JR. - CLERK
OCT 09 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 3:24-CR-108-BJB

HASAN WASAK DEFENDANT

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Hasan Wasak, and his attorney, Kevin Glogower, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Section 371 (Count 1); Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730-774 (Violations of the Export Control Reform Act ("ECRA")) (Count 2); Title 18, United States Code, Sections 922(a)(6) and 924(a)(2) (False Statements During the Purchase of a Firearm) (Counts 6-8). Defendant further acknowledges that the Indictment in this case seeks forfeiture of: (a) all firearms and ammunition involved in the commission of the offenses pursuant to Title 18, United States Code, Sections 924(d), and Title 28, United States Code, Section 2461; (b) all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations including, but not limited to, a sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds traceable to violations including, but not limited to, a sum or money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds traceable to or obtained as a result of such offenses

pursuant to Title 18, United States Code, Sections 934 and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and (c) any property used or intended to be used, in any manner, to commit or facilitate the violations; any property constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the violations; and any property constituting an item or technology that is exported or intended to be exported in violation of the ECRA pursuant to Title 50, United States Code, Section 4819(d), by reason of the offenses charged in the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1, 2, 6, 7 and 8 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> Hasan Wasak is a naturalized citizen of the United States and a resident of Louisville, Kentucky.
>
> From at least in or about February 2023 through at least in or about September 2024, in the Western District of Kentucky and elsewhere, Hasan Wasak engaged in a conspiracy: to violate Title 18, United States Code, Section 554 (Smuggling); Title 18, United States Code, Section 922(a)(1)(A) (Dealing in firearms without a license); Title 18, United States Code, Section 922(a)(6) (Making a false and fictitious statement to firearm dealers); Title 18, United States Code, Section 932(b)(2) (Purchase of a firearm at the request of another knowing such other person intended to possess, sell, or otherwise dispose of the firearm in furtherance of a felony); and to defraud the United States by interfering with and obstructing the lawful governmental function of the United States Department of Commerce.
>
> From at least in or about February 2023 through at least in or about September 2024, in the Western District of Kentucky and elsewhere, Hasan Wasak engaged in a conspiracy to violate and violated Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730-774 (the Export Control Reform Act ("ECRA") and Export Administration Regulations).

From in or about February 2023 to in or about April 2023, in the Western District of Kentucky and elsewhere, Hasan Wasak, in connection with the acquisition of a firearm, knowingly made false and fictitious written statements to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, which statement was intended and likely to deceive the licensed dealer of firearms as to a fact material to the lawfulness of such sale of the said firearm to defendant under Chapter 44 of Title 18, in that the defendant falsely represented he was the actual purchase of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

To accomplish these acts and in furtherance of the conspiracies alleged, on or about February 12, 2023, March 16, 2023, and April 3, 2023, Hasan Wasak purchased a total of 7 firearms from federally licensed firearms dealers in the Louisville, Kentucky area, including FN Herstals, and Ruger branded 5.7 caliber handguns, intending to provide each firearm to his co-conspirator Haitham Al-Dulaimi in exchange for payment of at least $500 per firearm. For each handgun purchase, Hasan Wasak signed a U.S. Department of Justice, Bureau of Alcohol, Tobacco, and Firearms Transaction Record ("Form 4473"). On each Form 4473, Hasan Wasak falsely attested in question 21.a that he was the actual transferee/buyer of the firearm(s) listed on the form and certified that his answers were true, correct, and complete. Each Form 4473 stated the following in bolded text: "Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person." Each form further stated in bolded text "I understand that answering 'yes' to question 21.a if I am not the actual transferee/buyer is a crime punishable as a felony under Federal Law." Hasan Wasak knew that these firearms were purchased for his co-conspirator Al-Dulaimi and that Hasan Wasak was not the actual purchaser of the firearms.

Hasan Wasak further knew that these firearms would be shipped by his co-conspirator Al Dulaimi to Iraq and that the firearms could not be exported from the United States to Iraq without permission from the U.S. Government. Nevertheless, Hasan Wasak purchased the firearms intending for them to be shipped to Iraq in violation of U.S. law. Each Form 4473 that Hasan Wasak signed included a Warning banner at the top of the form that stated: "Any person who exports a firearm without a proper authorization from either the Department of Commerce or the Department of State, as applicable, is subject to a fine of not more than $1,000,000 and up to 20 years imprisonment.

At no point did Hasan Wasak apply for or obtain a license from the U.S. Department of Commerce to export firearms to Iraq. Moreover, Hasan Wasak knew at all times that his co-conspirator Al-Dulaimi did not have a license to export firearms to Iraq.

4. Defendant understands that the charges to which he will plead guilty carry the following terms:

Count 1: Maximum term of imprisonment of 5 years, a maximum fine of $250,000, and a 3-year term of supervised release.

Count 2: Maximum term of imprisonment of 20 years, a maximum fine of $1,000,000, and a 3-year term of supervised release.

Counts 6 through 8: Maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a 3-year term of supervised release.

Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit property or proceeds as explained in the Indictment.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $500 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-the parties stipulate that the Base Offense Level should be a 26, pursuant to U.S.S.G. § 2M5.2.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea

-demand forfeiture of the firearms listed in the Indictment and the proceeds from the sale of those firearms in the amount of $3,500.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined by the Court at the time of sentencing.

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or

otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

21. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

Alicia P. Gomez
Assistant United States Attorney

10/09/2026
Date

CHRISTIAN J. NAUVEL
Acting Chief, Counterintelligence & Export Control Section
National Security Division

By:

*Leslie C. Esbrook*
Leslie C. Esbrook
Trial Attorney

10/09/2026
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Hasan Wasak
Defendant

10/09/2026
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_______________________________ 10-9-26
Kevin Glogower Date
Counsel for Defendant

KGB:APG/LCE